**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **NICK UHALL, also known as Eugene Flemon,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 25-cv-12443-DJC** |
| **MAURA T. HEALEY, et al.,** | ) ) ) | |
| **Defendants.** | ) ) ) | |

**<u>ORDER</u>**

**CASPER, C.J.**                                                                                          **April 24, 2026**

*Pro se* plaintiff Nick Uhall,[1] who is confined at the Old Colony Correctional Center, commenced this action by filing twenty-one pages of documents. These documents include a request that Court reopen an unidentified civil case to which Uhall was a party, D. 1 at 1, a request that asks that he be "discharge[d] from [the] custody of U.S. District Court.," id. at 2, a letter that appears to be addressed to a state court clerk demanding reopening of a civil case, D. 1-1 at 1, a document from a civil case in the Worcester Superior Court to which Uhall is a party, id. at 2, a request for a "video relay," D. 2, a request that a matter pending in a state probate court be transferred to this Court, D. 4, a request for photocopies of a motion that was returned to him by the state court, D. 5, and a largely incoherent eleven-page affidavit and memorandum, D. 6. Some of these documents were combined into a single docket entry as the original "complaint," D. 1, but none of them are in fact a pleading. Since commencing this action, Uhall has continued to file

---

[1] Throughout his filings, Uhall refers to himself as "Nick Uhall, A.K.A. Eugene P. Flemon," and he has filed actions in this Court under that name. See, e.g., Flemon v. Louis, No. 13-cv-11523-RWZ (D. Mass.), D. 1.

numerous documents.  See D. 10 *et seq.*  Although three of these filings are entitled "complaint," D. 11, 14 at 2-4, 45, they are difficult to understand and do not provide a basis for this Court's jurisdiction, or provide a plausible factual or legal basis for relief.

Upon review of Uhall's filings, the Court hereby orders:

.       1.       The motion for leave to proceed *in forma pauperis*, D. 12, is ALLOWED.  Based on the information in Uhall's prison account statement, D. 28-1, the Court assesses an initial partial filing fee of $7.33.  See 28 U.S.C. § 1915(b)(1).  The remainder of the $350 statutory filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this order to the treasurer of the institution having custody of Uhall.

2.       If Uhall wishes to proceed with this action, he must file an amended complaint that comports with the Federal Rules of Civil Procedure and the Local Rules of this Court by May 22, 2026.  This amended complaint will supersede all previously filings that he has filed labeled "complaint," and, therefore, in accordance with Fed. R. Civ. P. 8(a), it must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that [Uhall] is entitled to relief; and "a demand for the relief sought."  Id.  Failure to do so in this time frame likely will result in dismissal of this action.

In preparing the amended complaint, Uhall should use a form complaint created by the Administrative Office of the United States Courts for the use of *pro se* litigants.  The Clerk shall provide Uhall with this form. Uhall may add extra pages to the form to draft the section titled "Statement of the Claim."  In the directions for this section, the litigant is directed to "[s]tate as briefly as possible the facts showing that [the] plaintiff is entitled" to the relief sought by "stat[ing] how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places" of the conduct in question."  In

drafting this section, Uhall must state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), and "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

If Uhall names more than one defendant, the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A),(B).

3.    In light of the ruling and order above, the Court DENIES Uhall's pending motions, D. 2-5, 10, 14, 16, 18, 20, 26, 28 and 49.

**So Ordered.**

/s/ Denise J. Casper
Denise J. Casper
Chief United States District Judge

3